IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 2 6 2009
CHRIS R. JOHNSON, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| TAMMY WROTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   09-4050 |
| | ) |
| PINNACLE CREDIT SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TAMMY WROTEN, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PINNACLE CREDIT SERVICES, LLC, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. TAMMY WROTEN, formerly known as TAMMY RAINWATER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the County of Miller, State of Arkansas.

1

5. PINNACLE CREDIT SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Upon information and belief, Defendant is registered as a limited liability company in the State of Minnesota.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. In or around August 2004, Plaintiff received written notice from Merchants' Credit Guide Co, (hereinafter "Merchants"), a debt collection company, stating that it was attempting to collect on a debt allegedly owed by Plaintiff to Defendant.

10. The alleged debt of Plaintiff was incurred primarily for personal, family, or household services.

11. Plaintiff disputed the debt with Merchants.

12. Plaintiff also disputed the debt, and filed a complaint with, the Arkansas Attorney General.

13. On January 27, 2005, Merchants sent a letter to the Office of the Attorney General of Arkansas acknowledging notification of Plaintiff's dispute of the alleged debt and notifying the Attorney General that it was closing its file on Plaintiff's alleged debt and returning the file to Defendant for review.

14. On October 27, 2007, Plaintiff received written notice from ALW Sourcing LLC, (hereinafter "ALW"), a debt collection company, stating that it was attempting to collect on a debt allegedly owed by Plaintiff to Defendant.

15. On November 10, 2007, Plaintiff sent written notification to ALW advising it that she had previously disputed the debt on which ALW was attempting to collect, that she had filed a complaint with the Office of the Attorney General of Arkansas, that as a result of her dispute and her complaint, the debt collector that had previously attempted to collect on the debt (i.e., Merchants) had closed its file on the matter.

16. In response to the aforementioned correspondence, ALW notified Plaintiff that it had closed its file on the debt allegedly owed to Defendant and returned the file to Defendant.

17. On March 26, 2009, Plaintiff received written notification from Law Offices of Thomas Landis, Esq., (hereinafter "Landis") a debt collection law firm, stating that it was attempting to collect on a debt allegedly owed by Plaintiff to Defendant.

18. The debt on which Merchants, ALW and Landis were attempting to collect was the same debt allegedly owed by Plaintiff to Defendant.

19. Upon information and belief, when Plaintiff disputed the alleged debt with Merchants, it contacted Defendant in an effort to validate the debt.

20. Upon information and belief, Defendant was unable to validate the debt.

21. Given Defendant's inability to validate the debt, Merchants closed its collection file and ceased collection activities against Plaintiff.

22. Defendant was put on notice of the fact that Plaintiff disputed the claim in or around August, 2004.

23. Upon information and belief, when Plaintiff disputed the alleged debt with ALW, it contacted Defendant in an effort to validate the debt.

24. Upon information and belief, Defendant was unable to validate the debt.

25. Given Defendant's inability to validate the debt, ALW closed its collection file and ceased collection activities against Plaintiff.

26. Defendant was again put on notice of the fact that Plaintiff disputed the claim in or around January, 2008.

27. Despite being cognizant of the fact that Plaintiff disputed the debt and despite being cognizant of the fact that two previous debt collection companies closed their files on Plaintiff's putative debt to Defendant, Defendant continued to attempt to collect the debt allegedly owed by Plaintiff.

28. Defendant falsely represented the character and status of the debt by instructing various debt collection companies to collect on a debt that it knew was disputed.

29. Defendant falsely represented the character and status of the debt by stating to various debt collection companies that the debt allegedly owed by Plaintiff was undisputed and collectible.

30. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TAMMY WROTEN, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**TAMMY WROTEN**

By: _____
Larry P. Smith
Attorney for Plaintiff

Dated: May 16, 2009

Larry P. Smith (Atty. No.: 6217162)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028
Facsimile: (888) 418-1277
E-Mail: lsmith@smithlaw.us